IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 19-06838 (ESL) |
| JOSE RIVERA CIRINO<br>ANABEL CRUZ AYALA<br>   Debtors | CHAPTER 7 |
| NOREEN WISCOVITCH RENTAS,<br>CHAPTER 7 TRUSTEE<br>   Plaintiff | |
| vs. | ADV. PROC. No. 21-00084 |
| MIGUEL CANCIO ARCELAY, ET<br>ALS.<br>   Defendants | |

OPINION AND ORDER

This case is before the court upon the motion to dismiss filed by the defendants pursuant to Fed. R. Civ. P. 12(b)(6), made applicable to adversary proceedings by Fed. R. Bankr. P. 7012, and plaintiff's opposition to the same. Defendants allege that the complaint fails to plead any direct claim or allegations to codefendants other than attorney Miguel Cancio Arcelay, and the complaint fails to allege a plausible right to relief under section 547 of the Bankruptcy Code, 11 U.S.C. § 547, which governs preference actions. Plaintiff opposes the request alleging that the name of the spouse is unknown at this time but will be included after discovery is conducted, that the transfer of $8,019.00 is a preferential payment, and the complaint states a plausible claim.

Jurisdiction

This court has jurisdiction over the present matter pursuant to 28 U.S.C. § 1334. The instant preferential transfer cause of action is a core matter under 28 U.S.C. §157(b)(2)(F). Venue is proper pursuant to 28 U.S.C. §1409(a).

-1-

Allegations of the Parties

Defendants

Debtors filed a voluntary chapter 7 petition on November 21, 2019.  Pursuant to the allegations in the complaint, Miguel M. Cancio Arcelay, Esq. ("Cancio") provided legal services to the debtors and entered into a legal services agreement for the prosecution of a tort claim against several defendants, including Triple-S, in state court case number FA2018CV00270. The sum of $8,019.00 was paid to Cancio on September 17, 2019, allegedly as payment of an antecedent obligation due by the debtors to Cancio.

The complaint includes assumptions of fact and conclusory allegations aimed at addressing the requirements of preferential transfers in section 547 of the Bankruptcy Code. However, the same fail to plead a plausible right to relief.

The transfer was not made by the debtors but by Triple-S and was not property of the debtors or the bankruptcy estate and did not give Cancio a greater share than he would have received in bankruptcy.  The transfer by Triple-S was in satisfaction of a final and unappealable judgment. The transfer was made directly by Triple-S from non-debtor property. Moreover, the transfer falls within the exceptions in section 547(c)(1). Triple-S made a check to the debtors and a check to Cancio on the same date as a result of a settlement agreement in the state court case, that is, contemporaneously. The payment to Cancio was for his fees in the representation of the debtors in the state court litigation and under the ordinary course of business.

Plaintiff/Trustee

Plaintiff opposes the motion to dismiss stating that the transfer of $8,019.00 to defendant should be set aside under 11 U.S.C. §547, as the same constitutes a preferential transfer. The plaintiff alleges that the facts are straightforward and are well-plead in the complaint, meeting the plausibility standard.

Plaintiff emphasizes that evidence of facts alleged in the complaint are subject to discovery, including the submission of the legal services agreement between the debtor(s) and defendant. The same answer addresses defendants' contention that causes of action against

unnamed defendants must be dismissed. The discovery is necessary to obtain proof of all the elements necessary to meet the requirements of section 547 and allow the return of a preferential transfer.

Plaintiff answers the allegation that the transfer was not made by the debtors but by Triple-S, and, thus, not from property of the debtors or the estate, by addressing the broad meaning of a transfer. Plaintiff also states that the defendants' allegations under the contemporaneous exchange exception pursuant to section 547(c) lack support and fail to meet the transferee's burden.

Standard Motion to Dismiss Under Rule 12(b)(6)

In deciding a motion under Rule 12(b)(6), made applicable to adversary proceedings through Bankruptcy Rule 7012(b), the court must determine whether a complaint states a plausible claim. "The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to assess the legal feasibility of a complaint, not to weigh the evidence which the plaintiff offers or intends to offer." Lugo Alejandro v. Betancourt (In re Betancourt), 2021 Bankr. LEXIS 298 (Bankr. D.P.R. Feb. 8, 2021); Vélez Arcay v. Banco Santander de P.R. (In re Vélez Arcay), 499 B.R. 225, 230 (Bankr. D.P.R. 2013), citing Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2nd Cir.1984); Citibank, N.A. v. K-H Corp., 745 F. Supp. 899, 902 (S.D.N.Y. 1990).

Fed. R. Civ. P. 8(a)(2), applicable to adversary proceedings through Fed. R. Bankr. P. 7008, mandates complaints to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Although detailed factual allegations are not required, the Rule does call for sufficient factual matter". Surita-Acosta v. Reparto Saman Inc. (In re Surita Acosta), 464 B.R. 86, 90 (Bankr. D.P.R. 2012). Therefore, to survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The Twombly standard was further developed in Ashcroft v. Iqbal, 556 U.S. 622 (2009), advising

lower courts that "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft, 556 U.S. at 679. "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679. In sum, allegations in a complaint cannot be speculative and must cross "the line between the conclusory and the factual". Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011).

In Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012), the U.S. Court of Appeals for the First Circuit (the "First Circuit") established a two-step standard for motions to dismiss under Fed. R. Civ. P. 12(b)(6). Step one: isolate legal conclusions. Step two: take the complaint's well-pleaded (non-conclusory) allegations as true, drawing all reasonable inferences in favor of the plaintiff and determine if they plausibly narrate a claim for relief. Also see Pérez v. Rivera (In re Pérez), 2013 WL 1405747, 2013 Bankr. LEXIS 1561 (Bankr. D.P.R. 2013); Zavatsky v. O'Brien, 902 F. Supp. 2d 135, 140 (D. Mass. 2012).

"Simply because the court is hesitant to dismiss a claim in the early sta[g]es of litigation, however, does not mean that there are not circumstances where the court can and should act. Rule 12(b)(6) weeds out those allegations that, even with further factual development, will never grow into sustainable claims under the law." Arruda v. Sears, Roebuck & Co., 273 B.R. 332, 340 (D.R.I. 2002). As the First Circuit has stated, "in the menagerie of the Civil Rules, the tiger patrolling the courthouse gates is rather tame, but 'not entirely … toothless.'" Correa v. Arrillaga, 903 F.2d 49, 52 (1st Cir. 1990), quoting Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).

Consideration of a motion to dismiss requires the court to assume the truth of all well-plead facts and give the benefit of all reasonable inferences therefrom. A complaint that states a claim plausible on its face survives a motion to dismiss. Banco Santander P.R. v. P.R. Hosp. Supply, Inc. (In re P.R. Hosp. Supply, Inc.), 617 B.R. 181, 191 (Bankr. D.P.R. 2020).

Preferential Transfers

The Chapter 7 trustee, as plaintiff, has the burden of establishing that the attorney's fees paid prepetition to defendant Miguel M. Cancio Arcelay, Esq. ("Cancio") are an avoidable preferential transfer because the payment meets all five requirements of section 547 of the Bankruptcy Code.

Section 547, 11 U.S.C. § 547, provides that the trustee may avoid certain transfers as long as the requirements of Section 547(b) are met. Section 547(b) provides:

> (b) Except as provided in subsections (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property—
> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made—
> (A) on or within 90 days before the date of the filing of the petition; or
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if—
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title

Thus, "[i]n unofficial and general terms, a preference is a transfer of the debtor's property on the eve of bankruptcy to satisfy an old debt." PMC Mktg. Corp., 543 B.R. 345, 356 (1st Cir. BAP 2016), quoting Bogdanov v. Avnet, Inc., No. 10–CV–543–SM, 2011 WL 4625698, at *2 (D.N.H. Sept. 30, 2011). Moreover, "the trustee has the burden of proving the avoidability of a transfer under subsection (b) of this section." 11 U.S.C. § 547(g).

The first element requires that a transfer be made to or for the benefit of a creditor. The term transfer is defined in Section 101(54) as:

> The term "transfer" means—
> (A) the creation of a lien;
> (B) the retention of title as a security interest;
> (C) the foreclosure of a debtor's equity of redemption; or
> (D) each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with—
> (i) property; or
> (ii) an interest in property.

11 U.S.C. § 101.

The second element requires that the transfer be for or on account of an antecedent debt owed by the debtor before the transfer was made. The term antecedent debt is not defined by the Bankruptcy Code, however "a debt is antecedent if it is incurred before the transfer: the debt must have preceded the transfer." Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶ 547.03[4](16th ed. 2021).

The third element requires that the transfer be made while the debtor was insolvent. Section 101(32) defines insolvent as a "financial condition such that the sum of such entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of (i) property transferred, concealed, or removed with intent to hinder, delay, or defraud such entity's creditors; and (ii) property that may be exempted from property of the estate under section 522 of this title." 11 U.S.C.A. § 101(52). Thus, "[a] rough "balance sheet" test determines insolvency; the debtor is insolvent when its liabilities exceed the fair value of its nonexempt assets." Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶ 547.03[5](16th ed. 2021). The determination of insolvency focuses on the time the alleged preferential transfer was made. Id.

Pursuant to Section 547(e)(2) "establishing the date on which the transfer was made requires a preliminary determination of when the transfer was perfected." Id. at ¶ 547.05[1][b]. With respect to personal property, a transfer is perfected "when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee." 11 U.S.C. §

-6-

547(e)(1)(B). "The determination of when a transfer is perfected depends entirely on state law." Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶ 547.05[1][c] (16th ed. 2021).

Pursuant to Section 547(f) "the debtor is presumed to have been insolvent on and during the 90 days immediately preceding the date of the filing of the petition." 11 U.S.C. § 547(f). "This presumption of insolvency is rebuttable, and the creditor has the initial obligation to present "some evidence" that the debtor was solvent at the time the transfer was made." Alan N. Resnick & Henry J. Sommer, 5 Collier on Bankruptcy ¶ 547.12 (16th ed. 2021). If the defendant rebuts the presumption, "the evidentiary burden shifts back to the trustee to affirmatively demonstrate the debtor's insolvency." Id. "In the absence of "evidence to meet or rebut the presumption," the trustee is entitled to rely upon the presumption of insolvency in the trustee's favor." Id. at § 547.03[5]-§ 547.03[6]; In re VJ Int'l, Inc., 359 B.R. 401, 406 (Bankr.D.P.R.2006). However, the burden of proving insolvency remains on the trustee. Id.

The fourth element requires that the transfer be made within ninety (90) days before the filing of the petition. "A preference cannot be avoided unless there has been a transfer of an interest of the debtor in property during the applicable reach-back period." Hon. Joan N. Feeney, Hon. Michael G. Williamson and Michael J. Stepan, Esq., Bankruptcy Law Manual § 9:11 (5th ed. 2021–2).

Finally, the fifth element requires that the transfer enable the creditor to receive more than it would receive if the case were under Chapter 7 of the code, the transfer had not been made, and the creditor received payment of the debt to the extent provided by the Bankruptcy Code.

There is no dispute that José Rivera Cirino and Anabel Cruz Ayala ("debtors"), filed a voluntary chapter 7 bankruptcy petition on November 21, 2019, that defendant Cancio provided legal services to the debtors for the prosecution of a tort claim action against several defendants, including Triple-S, in state court action FA2018CV00270, that the amount of $8,019.00 was paid to Cancio on September 17, 2019, as attorney's fees for prosecution of the tort action.

There are two preference factors which are in controversy. Whether the transfer was of property of the debtors and whether the same was for an antecedent debt.

Section 547 includes exemptions to avoidance of prepetition transfers in Section 547(c)(4). Section 547(c)(4) exempts from a recovery as a preference a transfer to a creditor to the extent that such transfer gave a new value for the benefit of the debtor. In order for the creditor to establish the "new value" defense the creditor must establish that the received transfer is otherwise avoidable as a transfer, the creditor receiving the transfer advanced new value to the debtor on an unsecured basis, and the debtor must not have fully compensated the creditor for this new value as of petition date. In order for the new value preferential transfer exception to apply, the services provided by the attorney must have been prepetition.

The plead facts must show that the payment made to Cancio were an interest of the debtors. In addition, the trustee must plead facts that show that the payment was for an antecedent debt and not for an extemporaneous exchange for new value. In re SIMCO Mechanical, Inc., 151 B.R. 978, 982 (Bankr. S.D. Fla. 1993). It has been understood that payment for legal services performed in contemplation of a prepetition transaction are considered new value. In re B.J. Packing, Inc., 161 B.R. 397, 400 (Bankr. N.D. Ohio 1998). A critical element is to establish that the legal services leading to a prepetition settlement agreement provided a tangible asset enhancement to the debtors for the new value exception to be applicable. In re Phoenix Restaurant Group, Inc., 316 B.R. 671, 680 (Bankr. M.D. Tenn. 2004). In Phoenix, the court found that payment by the debtor was for an antecedent debt and that the same depleted the debtor's estate. Id. At 679. Thus, for the payment to be avoidable as a transfer, it must have resulted in the diminution of the estate and must not have resulted in an infusion of assets. In re McGhee, 2021 WL 2614188 (Bankr. E.D. Tenn. June 24, 2021).

A contemporaneous exchange must meet three elements: both the debtor and the creditor must intend the transfer to be a contemporaneous exchange, the exchange must be, in fact, contemporaneous, and the exchange must be for new value. In re Paradise Valley Holdings, Inc., 2006 WL 3691213 (Bankr. E.D. Tenn. December 12, 2006).

This court finds that the decision in In re Kleckner, 93 B.R. 143 (Bankr. N.D. Ill 1988), should guide a final determination in this case. In Kleckner, the agreement provided for the

attorneys' fees to be imposed on the res of the settlement fund. Thus, the payment was not from property of the debtor.

Discussion

The above legal analysis on the issue before the court, whether the payment of attorney's fees to Cancio should be avoided as a preferential transfer, hinges on determining whether the payment was from property of the debtor and not a contemporaneous exchange for new value. At this juncture, the court is unable to ascertain these two factors for lack of supporting documentation, particularly, copy of the settlement agreement and the check in payment for the services. Although the inferences from the allegations tend to support defendants' position, the court declines to so determine at this time.

Conclusion

In view of the above, the court orders the parties to exchange documentation on the relevant fact within thirty (30) days, and to move the court twenty-one (21) days thereafter supplementing their respective positions and allegations. The court will consider the same in light of the above analysis.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 18th day of February 2022.

Enrique S. Lamoutte
United States Bankruptcy Judge